# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. ROSALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-06943 |
| ) | |
| WELTMAN, WEINBERG & REIS CO., ) | Judge John J. Tharp, Jr. |
| L.P.A., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael Rosales was sued in state court for defaulting on a personal loan. That case was short-lived, however, because the creditor's law firm, Weltman, Weinberg & Reis ("Weltman"), named the wrong Deutsche Bank trust as the plaintiff. After the state court suit was dismissed due to the plaintiff's lack of standing, Rosales sued both trusts (the actual creditor and the misnamed plaintiff) as well as Weltman for violations of the Fair Debt Collection Practices Act and state law. All the defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6). The claims against the Trusts are dismissed because they are not plausibly alleged to be debt collectors. The claim against Weltman may go forward, however, because Weltman's allegation that Rosales owed the balance of the loan to a trust that did not hold the note was false and misleading and therefore violated the FDCPA.

## BACKGROUND[1]

On July 28, 2006, plaintiff Michael Rosales took out a $52,750 personal loan, documented by a "Balloon Note," which was assigned to defendant Deutsche Bank National Trust Company, as Trustee for Home Equity Loan Asset-Backed Trust, Series INDS 2006-3

---

[1] The Court considers both the text of the complaint as well as the written instruments attached to the complaint. *See* Fed. R. Civ. P. 10(c).

("2006-3 Trust"). *See* First Am. Compl. ("Compl.") Ex. A. at 5, 10. At some point, Rosales defaulted on that loan. *See* Compl. ¶ 3. In October 2014, Weltman sued Rosales in the Circuit Court of Cook County on the note, erroneously naming as plaintiff "Deutsche Bank National Trust Company, as Trustee and Supplemental Interest Trustee for Indymac MBS, Inc., Home Equity Mortgage Loan Asset-Backed Trust, Series INDS 2006-2B" ("2006-2B Trust"). *See* Compl. Ex. A at 2. Attached to the state court complaint were a boilerplate "verification of complaint" form listing the 2006-2B Trust as plaintiff and copies of the original note signed by Rosales and an "allonge" with several indorsements ultimately transferring the note to the 2006-3 Trust. *Id*. at 4-10.[2]

Rosales hired a lawyer, who filed a motion to dismiss the state complaint on the grounds that the wrong entity was named as a plaintiff (according to the allonge attached to that complaint). *See* Compl. ¶ 19-20; Compl. Ex. C at 20-25. That motion was granted by the state court judge on April 16, 2015. Compl. ¶ 21. Rosales then filed this lawsuit, alleging that Weltman and the Trusts had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by "falsely representing that [the 2006-2B Trust] had standing to sue Plaintiff," threatening to seek judgment and attorney's fees when none of those actions could be legally taken by the 2006-2B Trust, and incorrectly stating that $49,730 was owed to the 2006-2B Trust. *See id.* at ¶ 31-35.[3] Rosales also brought state law claims against the defendants under the Illinois

---

[2] An "allonge" is an attachment to a negotiable instrument used for subsequent indorsements of the instrument. *See generally* Black's Law Dictionary (9th ed. 2009). The allonge includes two pages with three undated indorsements. : (1) an indorsement from IMPAC Lending Group, Rosales' originating lender, to IndyMac Bank, F.S.B.; (2) an indorsement from IndyMac Bank, F.S.B., to the 2006-3 Trust; and (3) a blank indorsement executed by the 2006-3 Trust.

[3] In his original complaint, Rosales sued the 2006-2B Trust and Weltman. In the amended complaint, he named both trusts in the caption but the counts asserted name only the 2006-3

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"), claiming that the Trusts made "material misrepresentations to Plaintiff and his counsel – both written and oral – regarding his liability on the alleged debt." Compl. ¶ 44. Rosales dropped the ICFA claim against Weltman when he filed an amended complaint.

**DISCUSSION**

Both Weltman and the Trusts have filed motions to dismiss all of the claims against them. The claims against the Trusts, however, do not even get out of the gate, so let's unclutter the field by addressing those first.

The FDCPA applies only to "debt collectors." 15 U.S.C. § 1692 *et seq.*; *Ruth v. Triumph Partnerships*, 577 F.3d 790, 796 (7th Cir. 2009) (the FDCPA regulates only the conduct of "debt collectors)"; *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008); *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1988) (affirming summary judgment; plaintiff did not establish that defendant was a "debt collector" and thus subject to FDCPA liability). Rosales maintains that the Court need only "look at the general nature of [their] business" to determine that the Trusts are debt collectors under the Act. Resp. at 3. The statute defines "debt collectors" to include any entity that "regularly collects or attempts to collect . . . debts owed or due;" the Trusts qualify as debt collectors, Rosales says, because they regularly file lawsuits to collect debts. *Id*.

This argument overlooks the exceptions to the statutory definition. One of these exceptions to debt collector status applies when an entity seeks to collect a debt that "*was not in default at the time it was obtained....*" *Id.* at § 1692a(6)(F)(iii) (emphasis added). FDCPA "claims fail if [the defendant] was not a 'debt collector,' and it was not a debt collector if [the

---

Trust; neither names the 2006-2B Trust. However, the Trusts treat the claims as against both entities, so the Court continues to refer to the claims as being against the Trusts.

plaintiff] 'was not in default at the time [the debt] was obtained by' [the defendant]." *Johnson v. Carrington Mortg. Servs.*, 638 Fed. App'x 523, 524-25 (7th Cir. 2016) (quoting the statutory exception). *See also Triumph Partnerships,* 577 F.3d at 797 (by contrast, "a party that seeks to collect on a debt that was in default when acquired is a debt collector under the FDCPA."). To fall within the ambit of the statutory definition, then, one must look not only to the general nature of the Trusts' business ("regularly collects debts") but also to the particulars of the debt being collected—here, whether it was acquired after default. Rosales has undertaken only half of the required analysis.

The complaint fails to plausibly allege that either of the Trusts qualifies as a debt collector with respect to Rosales' debt because it lacks any allegation that either Trust acquired Rosales' debt *after* Rosales was in default. The Complaint says only that "*[a]ccording to Defendants*, the Note was assigned to Deutsche Bank after default." Compl. ¶ 13 (emphasis added). But the defendants don't say that; there is no allegation in the state court complaint that claims that the note was assigned to either of the Trusts after Rosales defaulted on the loan, and none of the indorsements assigning the note on the allonge are dated or otherwise indicate when those assignments were effective. That omission takes the Trusts out of the ambit of the statute. *See* 15 U.S.C. 1692a(6)(F)(iii) (any person engaged in activity that "concerns a debt which was not in default at the time it was obtained by such person" is not a covered "debt collector"). Since neither Trust is alleged to have acquired Rosales' debt after he defaulted, the complaint does not permit an inference that either qualifies as a debt collector. Rosales has therefore failed to state a claim against either of the Trusts under the FDCPA. *See, e.g., Carrington Mortg. Servs.*, 638 Fed. App'x at 524-25 (7th Cir. 2016) (defendant not a debt collector and therefore not liable where it acquired debt prior to default).

It is not disputed, however, that Weltman qualifies as a debt collector with respect to this claim, so we come to the central issue in the case: whether Weltman's misidentification of the plaintiff in the state court complaint is actionable under the FDCPA. Rosales contends that Weltman's error violated the FDCPA because Weltman misrepresented that money was owed to a particular entity and falsely attempted to collect a debt from Plaintiff that he did not owe. More specifically, Rosales claims that the defendants violated four provisions of the FDCPA:

> (1) making a "false representation of...the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A);
>
> (2) making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2)(B);
>
> (3) Making "the threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); and
>
> (4) "attempting to "collect[]...any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law," § 1692f(1).

Compl. ¶¶16-23, 27-35. A statement "that Plaintiff owes almost $50,000 to an entity to which he owes $0," Pl.'s Resp. at 9, ECF. No 4, plainly would run afoul of these prohibitions—if they apply in the context of statements made in a state court pleading.

Weltman contends that they do not, asserting that "Plaintiff cannot state a FDCPA claim based on Weltman's alleged pleading deficiencies in the state court action." ECF 16, Mem. at 7. This argument suffers from two defects. First, it is not a correct statement of the law, at least so far as § 1692e is at issue. In *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016), the Seventh Circuit rejected an argument that § 1692e of the FDCPA does not regulate the content of state court pleadings and expressly held "that representations may violate § 1692e of

the FDCPA even if made in court filings in litigation." *Id*. at 811-12.[4] *See also, e.g., Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 683 (7th Cir. 2017) (it "is settled" that "a debt collector violates the Act by suing to collect a consumer debt after the statute of limitations has run and bars the suit").[5]

Second, even if it were a correct statement of law, Weltman's characterization would nevertheless fail as a matter of fact. The problem here is not that Weltman's complaint failed to comply with state rules governing the form or procedure for pleadings; the problem is that the pleading falsely claimed that Rosales owed almost $50,000 to Trust 2006-2B when, in fact, that trust had never held the note on which Rosales defaulted.

A false or misleading statement must be material to be actionable, *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012), and Weltman also defends itself by characterizing its mistake as an immaterial "typo." That characterization is also off-the-mark. A typo is the eponymous error made when one inadvertently hits the wrong key on a keyboard when typing, or texting, or entering data. The mistake is typically (but not always) patent to the reader, who is able to detect an egregious misspelling. A mere typo, therefore, is generally not material because it is not misleading.

---

[4] This was an open question in this Circuit before *Marquez*, *see id*. at 810, and the defendants filed their briefs before that case was issued, so they cannot be faulted for failing to cite it. That said, they did not file any pleading to advise the Court of the issuance of this controlling adverse authority. Then again, neither did counsel for the plaintiff.

[5] *Marquez* addressed only the applicability of § 1692e to statements made in state court proceedings. *Beler* also raised the question of § 1692f's application to state judicial proceedings, observing that §1692f(6)'s prohibition of certain "nonjudicial" actions implies "that state judicial proceedings are outside the scope of § 1692f." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 475 (7th Cir. 2007). In view of *Marquez*, this premise is questionable and, in any event, Rosales invokes not § 1692f(6), but rather § 1692f(1), which does not purport to bar only non-judicial attempts to collect debts that were not expressly authorized by the agreement creating the debt or permitted by law.

This was no typo. The 2006-2B Trust was named as the state court plaintiff not because someone inadvertently hit the wrong keys while intending to name the 2006-3 Trust. Rather, someone at Weltman identified the wrong trust as the assignee of Rosales' note and inserted that name. The 2006-2B Trust is explicitly named five times in the complaint, and at least three times more on the complaint verification page. *See* Compl. Ex. A. That was a misstatement—still inadvertent, in all probability—but a misstatement nonetheless.[6] And significantly, it was not the sort of error that would be discernable on its face. Few among us, much less the prototypical unsophisticated consumer, would recall the exact name of the bank trust holding a note for our mortgage or home equity debt. Being served with a complaint that named an entirely different trust and provided no further information about the note holder would, no doubt, mislead many to believe that the entity named in the complaint was, in fact, the entity that owned the note.

Indeed, in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007)—the case on which Weltman improvidently relied for his argument that the FDCPA does not reach state court pleadings—the Seventh Circuit suggested that this is precisely the kind of claim that would be subject to § 1692e's proscription against false, deceptive, or misleading representations in connection with the collection of a debt if statements in a state complaint were actionable, noting that the plaintiff in that case did "not contend that the complaint was deceptive and that the [collector] set out ***to trick her into paying money she does not owe, or to mislead her into paying the wrong person***." *Id.* at 473 (emphasis added). The claims that the *Beler* plaintiff failed to advance are precisely the claims that Rosales has asserted.

---

[6] It does not matter whether the mistake was intentional or inadvertent. The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805 (7th Cir. 2009).

The caveat stated above—"no further information about the note holder"—could be significant. If context would render a facially misleading or confusing statement clear, such that it would not influence a consumer's decision, it would not be material and would not run afoul of § 1692e. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). Here, Weltman contends that the qualification does not apply. Acknowledging that the wrong trust was named as the plaintiff, it contends that the mistake was nevertheless patent because the allonge attached to the note identifies the correct trust as the assignee. Weltman maintains that "[i]t is axiomatic that there can be no material misrepresentation where an exhibit to the collection complaint (i.e. the actual contract upon which the collection suit is based) supplants and supersedes a typo in the pleading." Def.'s Mem. at 8. In support, however, Weltman cites no FDCPA cases holding that a misidentification of the creditor/plaintiff cannot be misleading under similar circumstances; it relies instead on rules that state that an exhibit that contradicts an allegation in a complaint trumps that allegation. That's a rule for evaluating the sufficiency of a pleading, but it has no application in the context of considering whether an unsophisticated consumer might be misled by the error into believing that the debt was owed to the 2006-2B Trust rather than the 2006-3 Trust.

In the Court's view, the state court complaint Weltman filed creates a significant risk of misleading the objectively unsophisticated consumer. Given the similarity and complexity of the trust names, it seems a good bet that many unsophisticated consumers would fail to note that the wrong entity had been named. The test here is not whether some consumers would have recognized that the state court complaint named the wrong trust as plaintiff, or whether Rosales

recognized as much,[7] but whether that document could have mislead a significant number of unsophisticated consumers into believing that the debt was owed to the 2006-2B Trust. *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (issue is whether the debt collector's communication "could well confuse a substantial number of recipients"). The misidentification of the creditor in this case satisfies that criterion in the Court's eyes, but even if this Court harbored some reservations in that regard, the complaint against Weltman would nevertheless survive because where there is room for doubt on the effect of a debt collection missive on the unsophisticated consumer, there is a fact question that cannot be resolved on a motion to dismiss. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017); *Marquez,* 836 F.3d at 812 ("a determination of whether a statement is false, deceptive or misleading, like a determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement" and "district judges are not good proxies for the 'unsophisticated consumer'"). Rosales's FDCPA claim may therefore go forward.

The remaining count is an Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, claim against the Trusts based on Weltman's attempts to collect the debt. The Trusts argue that this claim is barred by the litigation privilege. Rosales did not respond to any of the Trusts' arguments that the ICFA claim was barred. According to the Seventh Circuit, "[u]nder Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983). The majority approach in this District has been to

---

[7] "The unsophisticated consumer test is an objective one, meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived." *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (internal citation omitted).

9

view ICFA claims as barred by the litigation privilege when a debt collector files a lawsuit. *See Whittler v. Midland Funding, LLC*, No. 14 C 9423, 2015 WL 3407324, at *3 (N.D. Ill. May 27, 2015); *Mehra v. Law Offices of Keith S. Shindler Ltd.*, No. 14-CV-7506, 2015 WL 1996793, at *3 (N.D. Ill. Apr. 29, 2015); *Witbrod v. Blitt & Gaines, P.C.*, No. 14-CV-8176, 2015 WL 1996803, at *3 (N.D. Ill. Apr. 29, 2015); *but see Maldanado v. Freedman Anselmo Lindberg, LLC*, No. 14 C 10176, 2015 WL 2330213, at *4 (N.D. Ill. May 14, 2015) ("debt collectors may violate the ICFA if they fabricate the debt or lie about their right to collect on a debt"); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944 (N.D. Ill. 2012) (only law firms able to invoke litigation privilege). The Court agrees with the majority rule that Rosales' ICFA claim is barred by the litigation privilege under Illinois law, because the only claims for a wrongful lawsuit are malicious prosecution and abuse of process.[8]

\*   \*   \*

For the reasons set forth above, the motion to dismiss is granted without prejudice as to the Trusts on both claim and is denied as to Weltman with respect to the FDCPA claim.

Dated: April 24, 2017

John J. Tharp, Jr.
United States District Judge

---

[8] Furthermore, Rosales fails to allege that the defendant intended for plaintiff to rely on the deception, only that he actually relied on it. The former is a required element of an ICFA claim. See *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342, 353, 918 N.E.2d 265, 277 (2009).